**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

FILED
JAMES J. VILT, JR. - CLERK
NOV 05 2026
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

| | |
|---|---|
| **SHAMEKA LYNN O'NEIL, ESQ.**<br>(p/k/a MEEKA LYNN),<br>*Plaintiff*,<br><br>v.<br><br>**KBOOK PUBLISHING**<br>a Florida Limited Liability Entity;<br>**JARVIS LAWRENCE**, Individually;<br>**NEIL BERA**, Individually; and<br>**INGRAM CONTENT GROUP LLC /**<br>**LIGHTNING SOURCE LLC**,<br>a Tennessee Limited Liability Company,<br>*Defendants*. | **CASE NO.: 3:26-cv-______**<br><br>**JUDGE:** 3:26cv-913-JHM<br><br>**VERIFIED COMPLAINT FOR:**<br>1. Declaratory Judgment (17 U.S.C. § 101)<br>2. Injunctive Relief (17 U.S.C. § 502)<br>3. Breach of Contract & KCPA<br>4. Common Law Fraud & Conversion<br>5. Equitable Accounting<br><br>**JURY TRIAL DEMANDED** |

## VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff, Shameka Lynn O'Neil, Esq. (professionally known as Meeka Lynn), appearing *pro se* and as counsel of record pursuant to LR 5.1 and KBA #95090, brings this civil action against Defendants KBook Publishing, Jarvis Lawrence, Neil Bera, and Ingram Content Group LLC / Lightning Source LLC, alleging as follows:

### I. INCORPORATION OF EXHIBITS BY REFERENCE

**1. Express Incorporation:** Plaintiff expressly incorporates by reference all exhibits attached hereto and identified in Plaintiff's Annotated Exhibit Index (Exhibits A through F) as if fully set forth verbatim herein, pursuant to Rule 10(c) of the Federal Rules of Civil Procedure.

### II. JURISDICTION AND VENUE

**2. Subject-Matter Jurisdiction:** This Court has original subject-matter jurisdiction under 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. § 1338(a) (Copyrights), as Counts I and II arise directly under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* Supplemental jurisdiction over state-law claims exists under 28 U.S.C. § 1367(a). Complete diversity independently exists under 28 U.S.C. § 1332(a) and the amount in controversy exceeds $75,000.00.

**3. Venue:** Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in Jefferson County, Kentucky, where the publishing agreement was performed, retail harm materialized, and Plaintiff's commercial author enterprise is based.

### III. THE PARTIES

**4. Plaintiff:** Shameka Lynn O'Neil is an individual, licensed Kentucky attorney, and author residing in Jefferson County, Kentucky, who authored the original literary work *Affirmations That Helped Me Survive a Narcissist.*

**5. Defendants:** KBook Publishing is a Florida publishing packager located at 4890 W. Kennedy Blvd, Suite 122, Tampa, FL 33609. Defendants Jarvis Lawrence and Neil Bera are corporate officers who managed Plaintiff's account. Defendant Ingram Content Group LLC / Lightning Source LLC is a Tennessee entity operating a global manufacturing and wholesale distribution hub at 1 Ingram Boulevard, La Vergne, TN 37086.

## IV. OPERATIVE FACTUAL ALLEGATIONS

**6. Contractual Retention & Consideration:** In October 2025, Plaintiff retained KBook Publishing to provide layout formatting, ISBN assignment, global wholesale setup via IngramSpark, and distribution fulfillment for Plaintiff's 365-day guided journal, paying total agreed consideration of $2,500.00 via authorized card and electronic transactions (**Exhibit A**, Publishing Agreement & Consideration Records).

**7. Exclusive Copyright Ownership:** Plaintiff is the sole creator and copyright proprietor of *Affirmations That Helped Me Survive a Narcissist* (**Exhibit B**, Author Manuscript & Copyright Declaration). Plaintiff never assigned or transferred her statutory rights to Defendants.

**8. Manufacturing and Metadata Assignment:** Production files were uploaded to IngramSpark under reference numbers SPK-14344496-1 and print job 82636117-844862LV (confirming manufacturing at Ingram's La Vergne, TN campus) under Hardcover ISBN 978-1-963749-81-6 and Paperback ISBN 978-1-963749-82-3 (**Exhibit C**, Ingram Print Order & Job Ticket Documentation).

**9. Unauthorized Freeze & Lockout:** Without lawful basis, Defendants placed an administrative hold and distribution freeze on Plaintiff's book titles. KBook Publishing locked Plaintiff out of administrative dashboards and refused to surrender production files or transfer publisher access (**Exhibit D**, Correspondence & Default Demand Notices).

**10. Commercial Harm at Barnes & Noble:** On November 4, 2026, Plaintiff placed physical inventory on consignment at Barnes & Noble Booksellers in Louisville, KY. However, store automated lookup systems could not link the ISBN metadata across the wholesale network due to Defendants' unauthorized freeze, inflicting direct commercial injury (**Exhibit E**, Consignment Intake Receipt & Photographic Evidence).

## V. CAUSES OF ACTION

**COUNT I (Declaratory Judgment of Copyright Ownership — 17 U.S.C. § 101 & 28 U.S.C. § 2201):** An actual controversy exists regarding control and distribution rights of Plaintiff's work. Plaintiff is entitled to a decree declaring her sole copyright ownership and ordering the immediate decoupling and transfer of all title credentials.

**COUNT II (Injunctive Relief — 17 U.S.C. § 502 & Fed. R. Civ. P. 65):** Defendants' unauthorized freeze violates Plaintiff's exclusive distribution rights under 17 U.S.C. § 106. Plaintiff suffers irreparable harm daily through blocked bookstore orders, ruined event signings, and brand dilution, entitling Plaintiff to mandatory injunctive relief compelling Defendants to lift all holds immediately.

**COUNT III (Breach of Contract & KCPA Violations — KRS 367.170):** KBook Publishing breached its agreement by abandoning distribution and locking credentials. This constitutes unfair, misleading, and deceptive trade practices under KRS 367.170, entitling Plaintiff to actual damages and statutory attorney's fees under KRS 367.220.

**COUNT IV (Fraud in the Inducement & Conversion):** Defendants made intentional misrepresentations regarding account access and title freedom, and have exerted unlawful dominion over Plaintiff's ISBNs and metadata, entitling Plaintiff to punitive damages under KRS 411.184.

**COUNT V (Equitable Accounting):** Plaintiff is entitled to an accounting from Defendant Ingram Content Group LLC of all print orders, wholesale runs, and royalties under job 82636117-844862LV.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment:

1. Issuing a Preliminary and Permanent Injunction compelling Defendants to immediately lift all administrative holds, freezes, and metadata restrictions on ISBN 978-1-963749-81-6 and 978-1-963749-82-3;
2. Ordering Defendant Ingram Content Group LLC to decouple the title from KBook Publishing's portal and transfer all author administrative controls directly to Plaintiff's verified account;
3. Entering a Declaratory Judgment confirming Plaintiff as the sole legal and beneficial owner of the copyright and commercial distribution rights;
4. Awarding Plaintiff direct, consequential, and statutory copyright damages exceeding $75,000.00;
5. Awarding punitive damages pursuant to KRS 411.184 against Defendants KBook Publishing, Lawrence, and Bera for willful fraud and conversion;
6. Ordering an equitable accounting of all print runs, sales, and royalties; and awarding costs and fees.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues and counts so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

**/s/ Shameka Lynn O'Neil, Esq.**

**Shameka Lynn O'Neil, Esq. (KBA #95090)**
Meeka Lynn & Associates, LLC
828 East Market Street, Louisville, KY 40206
Telephone: (502) 579-1246
Email: slynnoneil@gmail.com
*Counsel of Record and Plaintiff Pro Se*

**COMMONWEALTH OF KENTUCKY )**
**COUNTY OF JEFFERSON ) SCT.**

Subscribed, sworn to, and acknowledged before me by **Shameka Lynn O'Neil, Esq.**, who proved to me on the basis of satisfactory evidence to be the person who appeared before me, this 5th day of November, 2026.

**NOTARY PUBLIC, STATE AT LARGE, KY**

My Commission Expires: Jan, 13, 2030

DELL FLIPPINS SUMMERS
Notary Public - State at Large
State of Kentucky
Notary ID # KYNP108066
My Commission Expires Jan. 13, 2030